### CORRY v. TATE.

RULE ON SHERIFF is not the proper mode of determining *seriously* contested claims between third parties, but the parties should be left to their action, or other proceeding, in which all parties interested can be made parties.

Before TOWNSEND, J., Union, March, 1896. Affirmed.

Rule on J. G. Long, sheriff of Union County, requiring him to show cause why he should not be required to sell the land levied on in case of J. A. Corry, administrator of D. W. Tate, against Obadiah Tate. Rule dismissed. From this order the plaintiff appeals on the following exceptions:

1. Because his Honor erred in holding that the excuse of the sheriff was a good and sufficient one, and discharging the rule.

2. Because his Honor erred in holding that the sheriff's return, and its supporting affidavits and exhibits, constituted a sufficient legal ground for discharging the rule, and discharging the same.

3. Because his Honor erred in "*not*" holding that the return of the sheriff, and the affidavits and exhibits supporting the same, "*did not*" exhibit and constitute a sufficient ground for discharging the rule; "*but*" in themselves and on their face showed full, legal, and sufficient grounds for making the rule absolute; and in not so ordering.

4. Because his Honor erred in holding that it was necessory to make the children of Obadiah Tate, his heirs at law, parties to this proceeding, before the Court could or would consider the question of the right to a homestead.

5. Because his Honor erred in not holding and deciding that children of Obadiah Tate, his heirs at law, claiming the land, had notice of this proceeding, and resisted the same.

6. Because his Honor erred in holding that the facts were not simple or admitted; the record showing no contest on the facts.

7. Because his Honor erred, even if the facts were not simple or admitted, in not considering the right of homestead, and making the rule absolute; because the sheriff's return, and the affidavits and exhibits supporting the same, on their face showed that there was no right of homestead as against the judgment now, and that the sheriff had no sufficient legal excuse for not selling the land.

8. Because his Honor erred in not considering the right of homestead, and in not making the rule absolute.

*Messrs. J. Clough Wallace* and *J. W. Nash,* for appellant, cite: 13 S. C., 387; 46 S. C., 114; 5 S. C., 11, 125, 470, 493; Rev. Stat., 2129; 25 S. C., 97; 20 S. C., 375; 15 S. C., 44; 21 S. C., 138.

*Mr. Jas. M. Gee*, contra, cites: 13 S. C., 385; 5 S. C., 4;
1 Rich., 16; 2 Rich., 315; Dud., 293; 11 Rich., 513; 12
Rich., 439; 21 S. C., 136, 248, 391; 19 S. C., 242; 19 S. E.
R., 283; 22 S. E. R., 774, 633; 19 S. E. R., 976; 7 S. C., 69;
15 S. C., 36; 10 S. E. R., 1075.

March 20, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   This is an appeal from
an order of his Honor, Judge D. A. Townsend, discharging
a rule on the sheriff, J. G. Long.   The rule required the
sheriff to show cause "why he does not make the money
under said execution [the execution issued in the case
above stated], and why he should not be required to sell
the land levied on herein."   To this rule the sheriff made
return, setting forth that the only property in his county
owned by the defendant in execution, or in which said de-
fendant was in any way interested, was a certain tract of
land, describing it, containing 100 acres, more or less, upon
which, as the respondent is informed and believes, the said
defendant resided at the time of his death, to wit: on the
9th of April, 1892; that the said execution was levied upon
the said land on the 9th of January, 1893, and the same
was advertised for sale in February, 1893; that, before the
sale, respondent was served with a notice, by the children
of said Obadiah Tate, that said land had been set off as a
homestead to the said Obadiah Tate in his lifetime, and
that they claimed said land as such homestead; that, upon
receipt of said notice, respondent, by letter, notified the at-
torney then representing the plaintiff in execution of this
claim, to which he received a reply, directing him "to hold
up until they could inquire into the homestead matter;"
that afterwards nothing further was done; respondent being
informed that the said attorney, after examination of the
claim of homestead, considered the same good, until in
February, 1894, under instructions from another attorney,
who had, in the meantime, as it seems, been employed to
represent the plaintiff in execution, respondent again ad-

vertised the land for sale; but before said sale was made, respondent was served with another notice and affidavit, marked "Exhibit D," a copy of which seems to have been omitted, inadvertently, we suppose, from the "Case," but which, from the context, we presume was of similar tenor as the previous notice; that, upon receipt of such notice and affidavit, respondent wrote the last mentioned attorney, asking for indemnity, which was not given, and, therefore, the sale was not made. Various other matters are stated in the sheriff's return to sustain the claim of homestead, supported by sundry affidavits, which, under the view we take of the case, need not be set forth here. Judge Townsend, in his order, which is appealed from, says: "The sheriff shows that Tate died intestate, and that his children are claiming the land as a homestead, and the plaintiff in the execution fails or refuses to indemnify. I consider the excuse a good and sufficient one, and, therefore, discharge the rule. If the children of Obadiah Tate are [were] parties to this proceeding, I might proceed to consider the question of the right to a homestead in said lands, and relator's counsel contends that I should do so anyhow; but I am of the opinion it would be useless to determine the rights of parties who are not parties to this proceeding, even were it a case in which homestead rights could be determined under rule, which I much doubt, the facts not being simple or admitted, and, therefore, refuse to do so."

From that order this appeal had been taken by Thomas R. Trimmier, as administrator *de bonis non* of D. W. Tate— the first administrator, J. A. Corry, having died—upon the grounds set out in the record, which will be incorporated in the report of this case.

Under the view which we take we do not deem it either necessary or proper to consider these grounds *seriatim.* The children of Obadiah Tate, who have given the sheriff notice of their claim of homestead, not being parties to this proceeding, would not be bound by any adjudication which

might be made in this case as to the validity of their claim
of homestead, and, hence, it would be improper now to ad-
judicate such claim.    We think that the Circuit Judge took
a proper view of the case.    As we understand it, the rule is
well settled that where there are seriously contested claims
between third parties, which must be determined before it
can be ascertained whether the sheriff is in default, a rule
on the sheriff is not the proper mode of determining such
contested claims, but the parties should be left to their
action or other proceeding, in which all persons interested
can be made parties.    *Dawkins* v. *Pearson*, 2 Bail., 619;
*Thomas* v. *Aitken*, Dud., 292; *Cooper* v. *Scott*, 2 McM., 150;
*Canady* v. *Odum*, 2 Rich., 527, and even in the case of
*Wallace* v. *Graham*, 13 Rich. Law, 322, where, under the
peculiar circumstances of the case, the rule on the sheriff
was made absolute, the Court conceded the foregoing prin-
ciple in the following language: "If the determination of
the dispute depends on facts which are complicated, or on
the application of law which is doubtful, the Court may
properly decline to adjust the controversy under the sum-
mary proceeding by rule."    See, also, *Kirby* v. *Wood*, 5 S.
C., at page 3, where the late Chief Justice Moses, in deliv-
ering the opinion of the Court, after quoting from *Dawson*
v. *Dawson*, 12 Rich., 439, as holding "that disputed ques-
tions of fact, proper to be submitted to a jury, will not be
decided by a Judge upon the return to a rule on the sheriff
to show cause," proceeds to say: "The principle applies
with equal, if not greater, force, where the determination
involves questions affecting the rights of property, where
the parties, though directly interested in the result, are not
before the Court.    The sheriff should not be made the mere
medium through which the claimants to property may seek
to enforce their rights."    The case of *Charles* v. *Charles*,
13 S. C., 385, is not in conflict with this view; for in that
case there was no disputed question either of fact or law, it
being conceded that the debt then in question was con-
tracted prior to the adoption of the Constitution, that fact

being demonstrated by the record, and the question of law having been conclusively determined both by the Supreme Court of the United States and by the Supreme Court of this State. Besides, in that case, *Kirby* v. *Woods*, *supra*, is recognized in express terms. In this case it is perfectly clear that the sheriff, if in any default at all, was certainly not in wilful default; and, in view of the provisions of Rev. Stat., 2135, making him liable for damages, if he sold any real estate in violation of the provisions of the homestead laws, we do not think he was in any default at all, especially as he had applied for and failed to obtain indemnity from the party urging him to proceed; for even in the case of *Charles* v. *Charles*, *supra*, it is said: "It is not his duty to decide conflicting rights, and until the question is decided, he is not culpable or in default."

The judgment of this Court is, that the order appealed from be affirmed.